19 F.3d 34
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel J. ABBOTT, Defendant-Appellant.
 No. 93-3155.
 United States Court of Appeals, Tenth Circuit.
 March 8, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from a sentence imposed by the district court pursuant to a plea agreement in which defendant was found guilty of a conspiracy to possess with the intent to distribute approximately 20 pounds of a substance containing a detectable amount of marijuana. Defendant appeals on the grounds that the district court erred in enhancing his sentence two levels under the United States Sentencing Guidelines for possession of a firearm and further by enhancing the sentence two levels for appellant's role as an organizer, leader, manager, or supervisor under U.S.S.G 3B1.1(c). We affirm.
 
 
 3
 United States Sentencing Guideline 2D1.1(b)(1) requires the district court to increase defendant's offense level if a court finds that a dangerous weapon was possessed. It is undisputed in this case that a Colt King Cobra .357 caliber revolver was found under the cushion of a sofa in the front room of a farmhouse where marijuana residue was found throughout the house and where marijuana was found in the upstairs rooms of the home. The district court found that the Colt revolver was connected to the marijuana offense and enhanced under 2D1.1(b)(1). We have said that the adjustment should be applied if the weapon was present unless it is clearly improbable that the weapon was connected with the offense. Defendant in this case presented no evidence other than the location of the revolver to show that it was improbable that the weapon was connected with the offense. Under these circumstances we cannot say that the district court was clearly erroneous in imposing the enhancement for possession of a weapon under 2D1.1(b)(1) of the United States Sentencing Guidelines.
 
 
 4
 The record contains evidence from which the district court could infer that defendant had a control or supervisory role over his wife in the marijuana operation at the farm. Further, he pleaded guilty to the charge of conspiracy with his wife and other unnamed individuals. We cannot say that the district court erred in finding that defendant's role in the offense was that of a leader or organizer. The district court therefore did not err in adding this enhancement to the defendant's sentence. AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470